09-0466-cv
Lomotey v. State of CT, Dept of Transportation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand nine.

Present:    AMALYA L. KEARSE,
            ROBERT D. SACK,
            ROBERT A. KATZMANN,
                        *Circuit Judges*.

_____

SOWATEI LOMOTEY,

                *Plaintiff-Appellant*,

                                        No. 09-0466-cv

                - v -

STATE OF CONNECTICUT-DEPARTMENT OF TRANSPORTATION
and ROBERT ZAFFETTI, PE,

                *Defendants-Appellees*.[*]

_____

For Appellant:                  JOSEPHINE S. MILLER, Danbury, CT

_____

    [*] The Clerk of the Court is directed to amend the official caption as set forth above.

For Appellees:                          ELEANOR MAY MULLEN, Assistant Attorney General
                                        (*for* Richard Blumenthal, Attorney General), Hartford,
                                        CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Dorsey, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sowatei Lomotey appeals from a judgment of the United States District Court for the District of Connecticut (Dorsey, *J.*) dated January 9, 2009, granting Defendants-Appellees Connecticut Department of Transportation's ("DOT") and Robert Zaffetti's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*. *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). Summary judgment is appropriate only if there exists "no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998); *see* Fed. R. Civ. P. 56 (c). We affirm the grant of summary judgment if, after drawing all inferences in favor of the non-moving party, no rational jury could find in favor of the non-moving party. *D'Amico*, 132 F.3d at 149. In a disparate treatment case like this, where the merits of the dispute turn on the employer's intent, there will rarely be direct evidence of such intent, and we must pay particular attention to circumstantial evidence which, if believed, would show discrimination. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). At the same time, we must "distinguish between evidence that allows for a reasonable inference

2

of discrimination and evidence that gives rise to mere speculation and conjecture.  A non-moving party cannot avoid summary judgment simply by asserting a metaphysical doubt as to the material facts."  *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (citations and internal quotation marks omitted).

## A. Failure to Promote Claim

Title VII makes it unlawful for an employer to "fail or refuse to hire . . . or otherwise to discriminate against any individual . . . because of such individual's race, color, [or] . . . national origin."  42 U.S.C. 2000e-2(a)(1).  A plaintiff asserting a Title VII discrimination claim based on a failure to promote establishes a *prima facie* case by showing that at the relevant time: (i) the plaintiff was a member of a protected class; (ii) the plaintiff applied for and was qualified for the job; (iii) the plaintiff was rejected for the position; and (iv) the rejection of the plaintiff's application occurred under circumstances giving rise to an inference of discrimination.  *Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009).   A *prima facie* case gives rise to a presumption of unlawful discrimination, and the burden of production then shifts to the defendant to proffer a "legitimate, nondiscriminatory reason" for the challenged employment action.  *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir. 2001).  If a proper reason is advanced, the presumption of discrimination drops out and "the final burden rests on the plaintiff to prove . . . that the proffered nondiscriminatory reason was pretexutal . . . ."  *Id.*  Here, the district court properly found that although Lomotey had established a *prima facie* case, he had failed to proffer evidence sufficient to permit a rational factfinder to conclude that the DOT's explanation for failing to promote him was pretextual.

Lomotey argues that the district court overlooked significant evidence of pretext. We

3

disagree. First, Lomotey's stated qualifications do not establish that his credentials were, in any instance, so superior to those of the person selected for promotion so as to make the selection of that person unreasonable, as we have required for a credentials-based finding of pretext. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001). Lomotey has also failed to proffer evidence that the DOT downplayed his credentials. Specifically, Lomotey's evidence that he had some supervisory responsibility in his past positions does not show how that experience was of the kind and level required for the positions to which he was seeking promotion.

In addition, Lomotey's evidence cannot support a finding that the DOT's defenses have changed over time. The arguments in the DOT's reply brief submitted to the district court offered further explanation in support of the reason for nonpromotion originally advanced in the DOT's motion to dismiss; they were not completely new reasons advanced after evidence produced in the litigation showed that the original reason was clearly false. *See, e.g.*, *EEOC v. Ethan Allen, Inc.*, 44 F.3d 116, 120 (2d Cir. 1994); *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 137 (2d Cir. 2000).

Lomotey's allegation that the DOT favored Caucasian employees by giving them temporary placements in order to help them get relevant experience that would facilitate promotion is also not supported by sufficient evidence. Lomotey's evidence that only Caucasians were selected for these placements amounts to nothing more than raw numbers which, without further information on key considerations such as the racial composition of the qualified labor pool, cannot support an inference of discrimination. *See Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 203 (2d Cir. 1999) (abrogated on other grounds); *Luciano v. Olsten Corp.*, 110 F.3d 210, 217 (2d Cir. 1997).

4

Lomotey also argues that the district court erred when it "failed to examine each failure to promote claim *separately*" and instead "lump[ed] the incidences together." The district court discussed similar instances together only after explaining why the key considerations were the same across those instances, and did take care to explore specific instances that merited separate discussion. We see no error in the district court's decision.

**B. Retaliation Claim**

Title VII makes it unlawful for an employer "to discriminate against any of his employees . . . because he has opposed any . . . unlawful employment practice" or because the employee has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, plaintiffs must show that: (1) they engaged in a protected activity; (2) their employer was aware of this activity; (3) the employer took adverse employment action against them; and (4) a causal connection exists between the alleged adverse action and the protected activity. *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006). If a plaintiff meets this burden and the defendant then points to evidence of a legitimate, nonretaliatory reason for the challenged employment decision, the plaintiff must offer evidence sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation. *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

Even if Lomotey has established adequate evidence of causation, the district court properly found that Lomotey has not produced adequate evidence of pretext. The DOT's stated non-discriminatory reason for not promoting Lomotey was that "in each instance, another candidate was better qualified" and Lomotey "did not perform as well in the interview."

5

Lomotey has not pointed to any direct evidence that his participation in protected activities factored into the DOT's decision not to promote him. *See Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003). Although Lomotey argues that the DOT refused to promote him because he testified on behalf of an employee who had filed a complaint against the DOT with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Lomotey has not offered any evidence that shows any negative animus by anyone at the DOT related to those activities. Lomotey points to his repeated nonpromotion and incidents of conflict with coworkers as evidence of retaliation, but this at best creates an inference that Lomotey's superiors and coworkers disliked him. This is not evidence that shows that the DOT failed to promote Lomotey after he became involved in CHRO activities. Further, as described in the analysis of Lomotey's failure to promote claim, Lomotey's attacks on the DOT's credibility are insufficient to constitute circumstantial evidence of pretext.

We have considered all of Plaintiff's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: _____

6