*Martinez v. City of Stamford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-three.

PRESENT:    Rosemary S. Pooler,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

FELIX MARTINEZ,

        *Appellant-Plaintiff,*

    v.                                            No. 22-702-cv

CITY OF STAMFORD,

        *Appellee-Defendant.*

_____

*For Appellant:*                    THOMAS W. BUCCI, Willinger, Willinger & Bucci, P.C., Shelton, CT.

*For Appellee:*                    JONATHAN C. STERLING (James M. Sconzo, *on the brief*), Carlton Fields, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the district court is **AFFIRMED**.

Plaintiff-Appellant Felix Martinez is a Hispanic member of the Stamford Police Department. In February 2020, Martinez filed this action against Defendant-Appellee the City of Stamford, Connecticut, alleging that the department's decision to promote two non-Hispanic white police officers to Sergeant instead of him amounted to racial discrimination in violation of (1) Title VII of the Civil Rights Act of 1964, (2) Section 1983 of Title 42 of the United States Code, and (3) the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(b)(1). The district court granted summary judgment to Stamford on all three claims. This appeal followed. We assume the parties' familiarity with the underlying facts and procedural history.

**I**

"We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party." *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 30 (2d Cir. 2012). Martinez argues that the district court erred in granting summary judgment because Stamford's arguments for not promoting him were pretextual and intended to "justify the race[] based discriminatory conduct" to which Martinez was subjected. Appellant's Br. 25. We disagree.

Title VII prohibits employers from discriminating against any individual because of that individual's race, color, religion, sex, or national origin. 42 U.S.C.

§ 2000e-2(a)(1). The Supreme Court has established a three-step burden shifting framework for a plaintiff seeking to prove employment discrimination under Title VII via circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). First, the plaintiff must establish a prima facie case of discrimination by showing that (1) he is "a member of a protected class," (2) he "was qualified for the job for which [he] applied," (3) he "was denied the job," and (4) "the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII." *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000). After such a showing, the court adopts "a temporary 'presumption' of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). In order to rebut the presumption, the employer must present "admissible evidence of a legitimate nondiscriminatory reason for its adverse employment decision." *Howley*, 217 F.3d at 150. The reason must be "legitimate," "nondiscriminatory," "clear," and "specific." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 132 (2d Cir. 2012) (quoting *Mandell v. County of Suffolk*, 316 F.3d 368, 381 (2d Cir. 2003)). Once the employer presents such a reason or reasons, the burden shifts back to the plaintiff to show that the proffered reasons amount to a pretext for unlawful discrimination. *See McDonnell*, 411 U.S. at 804.

If the employer puts forth evidence of a legitimate nondiscriminatory reason for its employment decision, to survive summary judgment the plaintiff must offer admissible evidence showing "circumstances that would be sufficient to permit a rational finder of fact to infer that the employer's employment decision was more likely than not based in whole or in part on discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (alteration omitted) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). "When a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer," that discrepancy itself must "allow[] a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination." *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001), *superseded in part on other grounds by* Fed. R. Civ. P. 37(e). In such a case, "the plaintiff's credentials would have to be so superior to the

credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id*.

Stamford does not contest Martinez's prima facie case. Instead, Stamford argues that it successfully presented legitimate nondiscriminatory reasons for promoting the two non-Hispanic white officers, James Comstock and Peter Malanga, thus satisfying its burden under the *McDonnell-Douglas* framework. We agree.

Martinez concedes that Stamford had legitimate nondiscriminatory reasons for promoting Comstock. He argues only that his credentials were "objectively … superior" to those of Malanga. Appellant's Br. 27. Meanwhile, Stamford describes legitimate nondiscriminatory reasons for selecting both Comstock and Malanga. Stamford notes that both selected candidates had bachelor's degrees, while Martinez did not, and both scored higher than Martinez on the written portion of the promotional exam. Comstock had been selected as Police Officer of the Year and Malanga had been nominated for the award four times, but Martinez had been nominated only three times. Moreover, Malanga had already been serving as "de facto supervisor" prior to his promotion. App'x 336.

The district court correctly determined that Martinez's credentials were not "so superior" that "no reasonable person, in the exercise of impartial judgment, could have chosen" Comstock or Malanga over him. *Byrnie*, 243 F.3d at 103 (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280-81 (5th Cir. 1999)). Martinez therefore attempts to identify other evidence on which a jury could conclude that Stamford's reasons were pretextual.

First, Martinez contends that the lack of Hispanic officers in leadership positions at the time he sought a promotion would allow a reasonable juror to infer discriminatory intent. Martinez observes that, at that time, only one Hispanic officer served at a rank of sergeant or higher. In response, Stamford notes that three Hispanic officers were promoted to sergeant in the 2018-19 period. Regardless of this dispute, we previously have rejected the proposition that

4

numbers alone serve as evidence of intentional discrimination. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000) (rejecting, as "an unsupported hypothesis providing no foundation for the assertion that there was discrimination," the suggestion that "raw data purportedly describing a pattern of under-representation and unequal opportunity … leads to the conclusion that … discrimination is in play"); *Lomotey v. Conn. Dep't of Transp.*, 355 F. App'x 478, 481 (2d Cir. 2009) (observing that statistical evidence, absent "further information on key considerations such as the racial composition of the qualified labor pool, cannot support an inference of discrimination"). We adhere to our precedent by rejecting the same proposition here.

Second, Martinez claims that the department's failure to adhere to affirmative action provisions of state law when promoting Malanga amounts to evidence of pretext. At the time Martinez sought a promotion, section 7-291a of the Connecticut General Statutes required the department to "make efforts to recruit, retain and promote minority police officers so that the racial and ethnic diversity of such unit is representative of such community." Conn. Gen. Stat. § 7-291a(a). According to the statute, such efforts "may include" attracting young people from the community to law enforcement careers and other community outreach, *id.* § 7-291a(a)(1)-(2), as well as the "implementation of policies providing that when there is a vacant position in such unit, such position shall be filled by hiring or promoting a minority candidate when the qualifications of such candidate exceed or are equal to that of any other candidate or candidates being considered for such position when such candidates are ranked on a promotion or examination register or list," *id.* § 7-291a(a)(3). The department was directed to "develop and implement guidelines for the recruitment, retention and promotion of minority police officers" by no later than January 1, 2016. Conn. Gen. Stat. § 7-291b. The statute does not specify what form such guidelines must take, so it is not clear whether the department might have adopted qualifying guidelines earlier,

but the department did adopt a formal policy to comply with the statute in April 2019.[1]

The statute does not require the department to follow any particular hiring policy; the policy on vacant positions mentioned in the statute is an example of a measure that a department "may" adopt. Conn. Gen. Stat. § 7-291a(a). The district court observed, however, that the department's possible failure to adopt any guidelines by the statutory deadline *could* serve as some evidence of pretext. Martinez points to no evidence that the department missed the deadline out of animus, but even assuming the district court was correct, we agree with the district court that missing the guidelines deadline was not enough to defeat summary judgment. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000) ("[T]he Court did not categorically conclude that a prima facie case plus pretext evidence 'permits' a trier of fact to find that a plaintiff has satisfied his ultimate burden; it noted, instead, that such circumstances '*may* permit' a trier of fact to conclude that a plaintiff had met his ultimate burden."); *Camblard v. Conn. Dep't of Children & Families*, No. 09-CV-0985, 2011 WL 3163581, at *5 (D. Conn. July 26, 2011) ("A plaintiff does not necessarily avoid summary judgment merely by establishing a prima facie case and presenting some evidence of pretext. … Instead, a court must determine, based on the entire record, whether the plaintiff could 'satisfy his "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff."'") (quoting *Schnabel*, 232 F.3d at 90). The department's purported failure to adopt guidelines by a statutory deadline does not establish that Martinez's race was a factor in the decision to promote other candidates. Because Martinez pointed to no evidence allowing such an inference, the district court did not err in granting summary judgment on Martinez's Title VII claim.

---

[1] Assistant Chief Thomas Wuennemann testified that the department introduced a policy addressing Conn. Gen. Stat. § 7-291a in April 2019, which was after Martinez's February 2019 interview. App'x 289.

6

## II

We conclude that summary judgment was proper on Martinez's § 1983 claim for substantially the same reasons. Once a plaintiff establishes that the employer acted "under color of state law," the plaintiff's "equal protection claim parallels his Title VII claim." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004). That is, "[t]he elements of one [claim] are generally the same as the elements of the other and the two must stand or fall together." *Id.* Martinez offers no argument specific to his § 1983 claim that would lead to a different conclusion here.

In addition to his Title VII and § 1983 claims, Martinez alleges that Stamford violated his rights under the CFEPA. As the district court noted, both parties agree that courts apply the same analysis when evaluating Martinez's claim under the CFEPA as when evaluating his claim under Title VII. *See* Stamford Mem. in Support of Mot. for Summary J. at 15-16, *Martinez v. City of Stamford*, No. 3:20-CV-00174 (D. Conn. June 22, 2021), ECF. No. 31 ("The same analysis [under Title VII] applies under CFEPA."); Martinez Opp'n at 33, *Martinez v. City of Stamford*, No. 3:20-CV-00174 (D. Conn. July 21, 2021), ECF. No. 34 ("The same principles that apply to an analysis of the plaintiff's cause of action under Title VII of the Civil Rights Act of 1964, as amended control his cause of action based on the alleged violations of the Connecticut Fair Employment Practices Act."). Therefore, for the reasons already stated, the district court's grant of summary judgment on Martinez's CFEPA claim was proper.

\*　　\*　　\*

We have considered Martinez's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7